**COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP**
Neil S. Lerner (SBN 134031)
nsl@cwlfirm.com
F. Maxwell Williamson (SBN 333154)
mwilliamson@cwlfirm.com
12011 San Vicente Blvd, Suite 600
Los Angeles, California 90049
Telephone: 310-440-0020
Facsimile: 310-440-0015

Attorneys for Plaintiff-in-Limitation
TODD MONTGOMERY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In the matter of the Complaint of<br><br>TODD MONTGOMERY, as an owner of the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing Hull Identification No. FGBJ0L59I102, and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No.: 8:21-cv-1270<br><br>**IN ADMIRALTY**<br><br>Complaint in Admiralty for Exoneration from, or Limitation of, Liability |

Plaintiff-in-Limitation TODD MONTGOMERY, as an owner of the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing Hull Identification No. FGBJ0L59I102, and her engines, tackle, appurtenances, etc. (the "Vessel"), hereby petitions the Court for exoneration from, or limitation of, liability, civil and maritime, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* (the "Act"), and alleges as follows:

**PETITION**

1. This is an action for exoneration from, or limitation of, liability pursuant to the Act. It is an admiralty and maritime claim within the meaning of

1. Rules 9(h), 14(c), and 38(e) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule F"), and it is within the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333(1).

2. Plaintiff-in-Limitation is an individual who was an owner of the Vessel at all material times. He is therefore entitled to petition for exoneration from, or limitation of, liability under the Act.

3. At all material times, the Vessel was located on the navigable waters of the United States in Huntington Harbor in Huntington Beach, California, the Vessel's home port, within this Central District of California.

4. Under Supplemental Rule F(9), this judicial district is the proper district for hearing this matter because the Vessel is located in this judicial district, the Vessel has not been arrested or attached, and no known lawsuits have been commenced against Plaintiff-in-Limitation with respect to the occurrence giving rise to this action.

5. At all material times, Plaintiff-in-Limitation exercised due diligence to make the Vessel staunch, tight, fit, strong, properly manned, equipped, supplied, operated, and, in all respects, seaworthy and fit for the operational service for which it was engaged on the navigable waters of the United States in and around Huntington Harbor.

6. On or about November 1, 2020, at approximately 12:30 p.m., while cruising through Huntington Harbor, the Vessel caught on fire after an explosion occurred in its engine room (the "Incident").

7. Plaintiff-in-Limitation and five passengers were on board the Vessel when the Incident occurred.

8. Plaintiff-in-Limitation is informed and believes that each passenger sustained injuries during the Incident.

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

9. A cause and origin investigation of the Incident was inconclusive; therefore, the cause and origin of the Incident are unknown.

10. The Incident damaged the Vessel. Afterward, its fair market value was determined to be $12,664.00. Therefore, the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident was $12,664.00.

11. The Vessel had no pending freight at the time of the Incident.

12. Plaintiff-in-Limitation is informed and believes, and on that basis alleges, that no claims have been made, and that actions or proceedings may be commenced against him, by individuals or entities claiming to have sustained injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Incident.

13. Plaintiff-in-Limitation does not currently know the total amount of such claims.

14. Plaintiff-in-Limitation believes the aggregate of claims that may be made for damages, losses or injuries that may have been sustained as a result of the Incident exceed the value of the Vessel immediately after the Incident, and Plaintiff-in-Limitation's interest therein.

15. The Vessel has not been arrested or attached for any claim with respect to which Plaintiff-in-Limitation seeks exoneration from, or limitation of, liability, and Plaintiff-in-Limitation has not been sued for any such claim.

16. Plaintiff-in-Limitation has valid, absolute, and real defenses to any and all alleged liability arising out of the Incident on the facts and under admiralty and maritime law.

17. The Incident and any consequent injury, death, loss, and damage were not caused by any fault or neglect attributable to Plaintiff-in-Limitation or anyone for whom he may be responsible.

///

///

18. The Incident and any damages or injuries resulting therefrom, were solely and proximately caused by the fault and/or neglect of others, or acts of God for which no person or persons are responsible.

19. Six months have not elapsed since Plaintiff-in-Limitation received the first written notice of a claim arising out of, resulting from, or in any manner connected with the Incident.

20. Certain individuals and/or entities known or unknown to Plaintiff-in-Limitation may contend to have sustained or suffered damages, losses or injuries as a direct result of the Incident, and may intend to assert a claim against Plaintiff-in-Limitation and/or the Vessel for such damages, losses or injuries.

21. Plaintiff-in-Limitation hereby claims the benefits of exoneration from, or limitation of, liability provided for in the Act, as amended, recodified, and supplemented by Supplemental Rule F, and the Court's Local Admiralty Rules ("LAR") regarding proceedings under the Act. Plaintiff-in-Limitation also claims the benefit of each other federal, state, and local law to which he may be entitled, whether or not identified herein.

22. Plaintiff-in-Limitation contests liability for any injury, death, loss, or damages arising out of, resulting from, or in any manner connected with the Incident. Plaintiff-in-Limitation desires to be completely exonerated from such liability. While not in any manner admitting liability, if Plaintiff-in-Limitation is not exonerated, he desires to limit any such liability he may have to all claimants to a maximum amount equivalent to the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident, which is $12,664.00, and its pending freight, which was nothing.

23. In accordance with Section 30511(b) of the Act, Supplemental Rule F(1), and LAR F.1 (83-F.1), Plaintiff-in-Limitation offers a stipulation with sufficient surety for the payment into Court for the value of Plaintiff-in-Limitation's interest in the Vessel following the Incident, which was $12,664.00,

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

and its pending freight, which was nothing, together with interest thereon at the legal rate of 6% per annum and $1,000.00 in costs, in the form of a Letter of Undertaking.

## **PRAYER FOR RELIEF**

1. Plaintiff-in-Limitation prays:

a) That the Court, in accordance with Supplemental Rules F(4) and (5), enter an order directing the issuance of a monition out of and under the seal of this Court to all individuals and entities asserting any claim with respect to which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to appear and answer the allegations of this Complaint, and to file their claims, with the Clerk of this Court and to serve a copy thereof on the attorneys for Plaintiff-in-Limitation on or before a date to be fixed by the Court in the order or be deemed in contumacy and default;

b) That the Court, in accordance with Supplemental Rules F(4) and (5), enter an order executing the monition by commanding Plaintiff-in-Limitation to publish notice thereof in the *Orange County Register*, or such other newspaper that the Court may deem proper, once a week for four successive weeks prior to the date fixed by the Court for the filing of such claims and to serve the notice by mail on all known claimants by the second date of publication and deeming such publication and service to constitute due notice to all individuals and entities asserting claims with respect to which this Complaint seeks exoneration from, or limitation of, liability;

c) That the Court, upon issuance of the monition and in accordance with Section 30511(c) of the Act and Supplemental Rule F(3), enter an order restraining the commencement and further prosecution of any claims, actions, or proceedings against Plaintiff-in-Limitation or his property related to the claims with respect to which the Complaint seeks exoneration from, or limitation of, liability;

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA
90049
TEL: 310-440-0020
FAX: 310-440-0015

   d) That the Court, in accordance with Supplemental Rule F(2), permit Plaintiff-in-Limitation to contest his liability, if any, for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Incident and adjudge him to be completely exonerated from such liability;

   e) That the Court, in the event it finds Plaintiff-in-Limitation liable for any such injuries, deaths, losses, or damages and in accordance with Section 30505 of the Act, adjudge that such liability shall in no case exceed the value of Plaintiff-in-Limitation's interest in the Vessel and its pending freight following the Incident and issue a decree discharging him from any further liability beyond that amount; and

   f) That the Court grant Plaintiff-in-Limitation such other and further relief as it may deem just and proper under the circumstances.

Dated: July 28, 2021    COX, WOOTTON, LERNER,
             GRIFFIN & HANSEN, LLP

             By: /s/ Neil S. Lerner
               Neil S. Lerner
               F. Maxwell Williamson
               Attorneys for Plaintiff-in-Limitation,
               TODD MONTGOMERY
               E-mail: nsl@cwlfirm.com
                  mwilliamson@cwlfirm.com

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Complaint       6      Case No. 8:21-cv-1270