**COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP**
Neil S. Lerner (SBN 134031)
nsl@cwlfirm.com
Arthur A. Severance (SBN 246691)
aseverance@cwlfirm.com
12011 San Vicente Blvd, Suite 600
Los Angeles, California 90049
Telephone:     310-440-0020
Facsimile:     310-440-0015
Attorneys for Plaintiff-in-Limitation
TODD MONTGOMERY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| In the matter of the Complaint of | Case No.: 8:21-cv-01270-JVS(JDEx) consol. with 8:21-cv-1276-JVS(JDEx) |
|---|---|
| TODD MONTGOMERY, as an owner of the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing Hull Identification No. FGBJ0L59I102, and her engines, tackle, appurtenances, etc. | **In Admiralty**<br><br>Plaintiff-in-Limitation Todd Montgomery's Application for Default Judgment |
| For exoneration from, or limitation of, liability. | |

///
///
///
///
///
///
///
///
///

Appl. for Default Judgment

Plaintiff-in-Limitation Todd Montgomery applies for the entry of default judgment against Danny Lopez and all other possible claimants, known and unknown, who did not file and serve claims and answers by the September 10, 2021, deadline (collectively, the "Non-Appearing Claimants"). Furthermore, Plaintiff-in-Limitation requests that the Court declare him to be completely exonerated from all liability for any injuries, deaths, losses, or damages that the Non-Appearing Claimants may allege to have sustained or may have actually sustained arising out of, resulting from, or in any manner connected with an explosion and fire that occurred onboard the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing hull identification number FGBJ0L59I102, on or about November 1, 2020 (the "Incident").

## A. Default and Default Judgment Are Integral to Limitation Proceedings.

The entry of default and a default judgment of exoneration from liability against non-appearing potential claimants is a just and integral part of this limitation proceeding.

> In cases arising under Supplemental Rule F, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled his obligation to publish notice of the limitation proceeding where the Notice expressly and clearly stated the deadline for filing a claim and/or answer and stated that as a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.

*In re Bountiful Oceans, Inc.*, No. 17-cv-03625, 2017 U.S. Dist. LEXIS 231247, at *12 (N.D. Cal. Nov. 8, 2017) (internal quotation and alterations omitted), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 231244 (N.D. Cal. Dec. 20, 2017); *see In re Goldeneye 2000*, LLC, No. 19-cv-02402, 2019 U.S. Dist. LEXIS 190314, at *3-4 (N.D. Cal. Nov. 1, 2019).

> [Where] a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they receive actual notice thereof or not,

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other . . . ."

*Dowdell v. U.S. Dist. Ct.*, 139 F. 444, 446 (9th Cir. 1905) (internal quot. omitted).

Default and default judgment against non-appearing claimants are necessary to serve the two purposes of the Act, which are: 1) To determine whether a plaintiff-in-limitation is entitled to exoneration from, or limitation of, liability, and 2) to draw all claims regarding an incident into one proceeding in order to make that determination the single, federal proceeding. *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 415 (1954), *quoting Hearing on H.R. 9969 Before the H. Comm. on Merchant Marine and Fisheries*, 74th Cong. 69-70 (1936) (statement of Charles S. Haight, French Line) (hearing re 1936 amendments to the Act). "The Act provides for all claims against an owner to be aggregated and decided at one time under a single set of substantive and procedural rules, thereby avoiding inconsistent results and repetitive litigation." *In re Paradise Holdings*, 795 F.2d 756, 761 (9th Cir. 1986). It "encourages uniformity by subjecting any claimant to a default judgment upon failure to file a claim within the prescribed time in the action." *In re Ballard Shipping Co.*, 752 F. Supp. 546, 554 (D.R.I. 1990).

This "concourse" or "concursus" of claims not only protects plaintiffs-in-limitation, it also protects appearing claimants: By giving due notice to all possible claimants and forcing them to appear in the proceeding under threat of default, the Act ensures equitable distribution of the available funds to the appearing claimants. *See Maryland Cas. Co.*, 347 U.S. at 417. Furthermore, it enables the appearing claimants to seek to have the merits of their claims heard in the forum of their choice after submitting the proper stipulations preserving the Court's exclusive jurisdiction over limitation issues. *See Langes v. Green*, 282 U.S. 531, 540 (1931); *Ross Island Sand & Gravel v. Matson*, 226 F.3d 1015, 1017 (9th Cir. 2006); *In re Beiswenger Enters.*, 86 F.3d 1032, 1038-39 (11th Cir. 1996),

Appl. for Default Judgment        2

*Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983). In order to effect the purposes of the Act and protect the interests of Plaintiff-in-Limitation and the Lile Claimants, default judgment should now be entered against all Non-Appearing Claimants.

**B.     All Procedural Requirements for the Entry of Default and Default Judgment Have All Been Satisfied.**

The entry of default and default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In his Complaint, Plaintiff-in-Limitation seeks affirmative relief in the form of exoneration from, or limitation of, liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §§ 30501 *et seq.*, against "all individuals or entities" asserting any claim for "any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Incident . . . ." (ECF No. 1, Prayer ¶¶ 1(a), (d)-(e).)

Upon application of Plaintiff-in-Limitation and in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), the Court issued an Order Directing Execution of Monition and Publication of Notice ("Monition," July 30, 2021, ECF No. 8), ordering Plaintiff-in-Limitation

> to notify and admonish all individuals and entities asserting claims with respect to which the Complaint seeks exoneration from, or limitation of liability, to appear and answer the allegations of the Complaint . . . or be deemed in contumacy and default . . . .

In addition, the Court issued a Notice of Complaint for Exoneration from, or Limitation of, Liability ("Notice," Aug. 2, 2021, ECF No. 10) ordering all such persons to file and serve their claims by September 10, 2021.

In the Monition, the Court ordered Plaintiff-in-Limitation to cause "a notice substantially in the form of the Notice" to be published "once each week for four

(4) successive weeks" in the *Orange County Register* and to serve the Notice by mail on known claimants. (Monition.) The Court ordered such publication and mailing of the Notice "shall constitute due notice to all individuals and entities asserting claims with respect to which the Complaint seeks exoneration from, or limitation of, liability." (*Id.*)

In compliance with the Monition, the Notice, the Act, and Rule F(4), Plaintiff-in-Limitation provided due notice of the pendency of this action. On August 6, 13, 20, and 17, 2021, the Notice was published in the *Orange County Register*. (Service by Publication, ECF No. 17; Decl. of Arthur A. Severance ("Decl.") ¶ 3.) In addition, Plaintiff-in-Limitation served the Notice and the Complaint on known potential claimants Danny Perez and the Lile Claimants. (Proof of Service, ECF No. 14; Decl. ¶ 4(a)-(b).) Thus, all possible claimants, known and unknown, were given due notice of this proceeding. (*See* Decl. ¶ 4.)

Only the Lile Claimants appeared by the Court's September 10, 2021, deadline, filing their Claim for Damages and Answer on September 10, 2021 (ECF Nos. 23-24; Notice of Claims Made, ECF No. 28; Decl. ¶ 5.) Because the Lile Claimants timely filed their claims and answer, this Application for Default Judgment does not apply to them.

In contrast, Danny Perez failed to file or serve a claim or answer in response to the Complaint or otherwise appear by the September 10, 2021, deadline. (Decl. ¶ 7; *see* Notice of Claims Made.) No other claimants filed or served claims or answers in response to the Complaint by that deadline, either. (Decl. ¶ 6; *see* Notice of Claims Made.)

Accordingly, on October 3, 2022, Plaintiff-in-Limitation applied for entry of the default of the Non-Appearing Claimants. (Appl. for Clerk's Entry of Default, ECF No. 51.) On October 5, 2022, the Clerk of the Court entered the default of "Danny Perez and all possible claimants, known and unknown, who did not file and serve their claims and answers on or before September 10, 2021."

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Appl. for Default Judgment    4

(Default by Clerk, ECF No. 53; *see also* Default by Clerk, ECF No. 54 (regarding defaults in relation to Plaintiff-in-Limitation Fred Gil's complaint).)

**B.     The *Eitel* Factors Weigh in Favor of Entering Default Judgment Now.**

The Court should now enter default judgment against all the Non-Appearing Claimants. "Courts regularly grant a default judgment against claimants who do not answer." *In re Duley*, No. 8:16-cv-00135, 2017 U.S. Dist. LEXIS 225618, at *3 (C.D. Cal. July 11, 2017); *In re Malikalalou, Inc.*., No. 3:20-cv-01693, 2021 U.S. Dist. LEXIS 14438, at *6 (S.D. Cal. Jan. 26, 2021). The entry of default judgment is appropriate where, as here, the factors adopted by the U.S. Court of Appeals for the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of entering default judgment; those factors are:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

**1.     Failure to Enter Default Judgment Will Result in Prejudice.**

The Non-Appearing Claimants were given due notice of this proceeding and the September 10, 2021, deadline for filing claims and answers. Although more than a year has passed since that deadline, none of the Non-Appearing Claimants have moved the Court to set aside the default or for leave to file a late claim or have otherwise appeared. (Decl. ¶ 9.) There is no just reason to delay entering default judgment against them. *E.g.*, *Malikalalou*, 2021 U.S. Dist. LEXIS 14438, at *6; *Wood v. GCC Bend, LLC*, 422 F.3d 873, 877 (9th Cir. 2005).[1]

---

[1] *See also In re Nova Group*, No. 20-cv-1202, 2020 U.S. Dist. LEXIS 251122, at *7 (S.D. Cal. Nov. 5, 2020); *In re Lowe*, No. 2:20-cv-02073, 2020 U.S. Dist. LEXIS 139859, at *6 (C.D. Cal. July 29, 2020); *In re Pamela Rose Holdings*, No. 2:18-cv-03257, 2019 U.S. Dist. LEXIS 227744, at *7 (C.D. Cal. Feb. 5, 2019);

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Entering default judgement is necessary for the efficient adjudication of Plaintiff-in-Limitation's claim. It is the mechanism by which the Court enforces the concursus and will avoid any further expenditure of time, effort, or money by Plaintiff-in-Limitation regarding the possible claims of the Non-Appearing Claimants. *E.g.*, *In re Lowe*, No. 2:20-cv-02073, 2020 U.S. Dist. LEXIS 139859, at *6 (C.D. Cal. July 29, 2020).[2]

Furthermore, default judgment "faciltate[s] the apportionment of the funds that are available for' the claimant that has appeared," here the Lile Claimants. *In re Nova Group*, No. 20-cv-1202, 2020 U.S. Dist. LEXIS 251122, at *7 (S.D. Cal. Nov. 5, 2020), *quoting Duley*, 2017 U.S. Dist. LEXIS 225618, at *2.[3] Therefore, this factor weighs in favor of entering default judgment.

### 2. Plaintiff-in-Limitation's Claim Is Not Substantive.

This application for a default judgment of exoneration from liability under the Act does not concern a substantive claim for damages whose merits are at issue, but rather an application for a declaration that Plaintiff-in-Limitation is not liable to possible claimants who failed to appear to file a claim against him or to challenge his right to seek exoneration from, or limitation of liability. *See* Supplemental Rule F(5). Accordingly, this factor weighs in favor of default judgment. *See, e.g.*, *Nova Group*, 2020 U.S. Dist. LEXIS 251122, at *7.[4]

///

///

---

[1] *Duley*, 2017 U.S. Dist. LEXIS 225618, at *3; *In re Campbell*, No. SACV 17-00649, 2017 U.S. Dist. LEXIS 135452, at *6 (C.D. Cal. Aug. 23, 2017).

[2] *See also Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *7-8; *In re Fun Zone Entm't*, No. SACV 18-00811, 2018 U.S. Dist. LEXIS 224162, at *6 (C.D. Cal. Nov. 2, 2018); *Campbell*, 2017 U.S. Dist. LEXIS 135452, at *7.

[3] *See also Malikalalou*, 2021 U.S. Dist. LEXIS 14438, at *6; *Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *8.

[4] *See also Lowe*, 2020 U.S. Dist. LEXIS 139859, at *6; *Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *8.

Appl. for Default Judgment        6

### 3. The Complaint States a Claim for Relief Under the Act.

The Act permits Plaintiff-in-Limitation to seek exoneration from any liability he may have as an owner of the vessel involved in the Incident, and, if denied exoneration, to seek to limit such liability so long as the liability he seeks to limit was caused without his privity or knowledge, he posts the required security, and he provides possible claimants with the required notice. *See* 46 U.S.C. §§ 30505, 30511(b); Supplemental Rule F(1)-F(2), F(4); Local Admiralty Rule 83-F.1.

Plaintiff-in-Limitation has alleged that "[t]he Incident and any consequent injury, death, loss, and damage were not caused by any fault or neglect attributable to Plaintiff-in-Limitation or anyone for whom he may be responsible" and has specifically sought exoneration from liability. (Compl. ¶ 17, Prayer ¶ 1(d).) He has offered security for the value of the vessel and its pending freight that the Court has accepted (Order Approving Stipulation for Value and Costs and Letter of Undertaking, ECF No. 9, Aug. 2, 2021), and he has given the Non-Appearing Claimants due notice of this proceeding as set forth herein. He has therefore met all the substantive and procedural requirements for stating a claim under the Act and commencing and maintaining action under the Act. Therefore, this factor weighs in favor of default judgment. *E.g.*, *Lowe*, 2020 U.S. Dist. LEXIS 139859, at *6; *In re Fun Zone Entm't*, No. SACV 18-00811, 2018 U.S. Dist. LEXIS 224162, at *7-8 (C.D. Cal. Nov. 2, 2018).[5]

### 4. Plaintiff-in-Limitation Does Not Seek a Monetary Judgment.

Plaintiff-in-Limitation seeks a default judgment declaring him to be exonerated from liability for the Incident, rather than any money damages. Therefore, there is no sum of money at stake for the Non-Appearing Claimants,

---

[5] *See also Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *8; *In re MQ630 Sport Yacht, LLC*, No. CV 17-08601, 2018 U.S. Dist. LEXIS 223921, at *6 (C.D. Cal. Sept. 21, 2018).

Appl. for Default Judgment 7

and this factor weighs in favor of entering default judgment. *E.g., Malikalalou*, 2021 U.S. Dist. LEXIS 14438, at *6.[6]

### 5. There Is No Potential Dispute Concerning Material Facts.

As none of the Non-Appearing Claimants have appeared, there is no potential for any dispute between any of them and Plaintiff-in-Limitation regarding the material facts concerning any liability he may have to them for the Incident. Accordingly, this factor weighs in favor of entering default judgment. *E.g., Nova Group*, 2020 U.S. Dist. LEXIS 251122, at *8.[7]

### 6. There Are No Facts to Indicate Excusable Neglect.

Since none of the Non-Appearing Claimants have appeared, they have had due notice of this proceeding, and more than a year has passed since the September 10, 2021, deadline, there is nothing to indicate there is any excusable neglect that would weigh against entering default judgment. *Id.*[8] Furthermore, there are no facts to indicate that any Non-Appearing Claimant, including but not limited to Danny Perez, is a minor, incompetent, or in military service to excuse the failure to appear. (Decl. ¶ 10.) Therefore, this factor weighs in favor of entering default judgment.

///

///

---

[6] *See also Nova Group*, 2020 U.S. Dist. LEXIS 251122, at *7-8; *Lowe*, 2020 U.S. Dist. LEXIS 139859, at *6-7; *Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *8-9; *Fun Zone*, 2018 U.S. Dist. LEXIS 224162, at *8; *In re Won*, CV 17-882, 2018 U.S. Dist. LEXIS 228774, at *10 (C.D. Cal. Mar. 5, 2018); *Campbell*, 2017 U.S. Dist. LEXIS 135452, at *6.

[7] *See also Lowe*, 2020 U.S. Dist. LEXIS 139859, at *6; *Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *8; *Fun Zone*, 2018 U.S. Dist. LEXIS 224162, at *8; *Won*, 2018 U.S. Dist. LEXIS 228774, at *10; *Campbell*, 2017 U.S. Dist. LEXIS 135452, at *6.

[8] *Lowe*, 2020 U.S. Dist. LEXIS 139859, at *7; *Pamela Rose*, 2019 U.S. Dist. LEXIS 227744, at *9; *Fun Zone*, 2018 U.S. Dist. LEXIS 224162, at *8-9; *Won*, 2018 U.S. Dist. LEXIS 228774, at *10; *Campbell*, 2017 U.S. Dist. LEXIS 135452, at *6.

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

### 7. Public Policy Concerns Carry Little or No Weight Because Default Judgment Is Sought Against Non-Appearing Persons.

In cases like this, where default judgment is sought against individuals and entities that have not appeared in the matter, a judgment on the merits is "'impractical, if not impossible,'" and this factor does not weigh against entering default judgment. *In re Pamela Rose Holdings, LLC*, No. 2:18-cv-03257, 2019 U.S. Dist. LEXIS 227744, at *9 (C.D. Cal. Feb. 5, 2019), *quoting PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).[9]

### 8. The *Eitel* Factors Overwhelmingly Favor Default Judgment.

Thus, six of the seven *Eitel* factors favor entry of default judgment; only one factor is neutral, and no factor weighs against it. The factors overwhelmingly weigh in favor of entering a default judgment of exoneration in favor of Plaintiff-in-Limitation against the Non-Appearing Claimants. The Court should therefore enter such default judgment now.

### C. The Court Should Enter Default and Default Judgment.

In sum, default and default judgment are a necessary and integral part of a proceeding under the Act; they protect both Plaintiff-in-Limitation and Claimants Jim Lile, Elyse Lile, IRL, and VLL (the "Lile Claimants"). All possible claimants, known and unknown, were given due notice of the pendency of this proceeding, and the time to file and serve claims and answers has long since expired. The Non-Appearing Claimants failed to file their claims and answers by the Court's deadline and have failed to seek leave to file late claims or answers more than a year since the deadline expired.

///

---

[9] *Nova Group*, 2020 U.S. Dist. LEXIS 251122, at *8; *Lowe*, 2020 U.S. Dist. LEXIS 139859, at *7; *Won*, CV 17-882, 2018 U.S. Dist. LEXIS 228774, at *9; *Campbell*, 2017 U.S. Dist. LEXIS 135452, at *6; *but see Fun Zone*, 2018 U.S. Dist. LEXIS 224162, at *9 (weighing this factor against default judgment but finding it not to be dispositive).

Appl. for Default Judgment                 9

The Clerk of the Court has entered the default of Non-Appearing Claimants, but an order is required to enter default judgment. *See* Fed. R. Civ. P. 55(b). The factors for determining whether default judgment is appropriate overwhelmingly weigh in favor of entering such judgment. Therefore, the entry of a default judgment of exoneration against them in favor of Plaintiff-in-Limitation is warranted.[10]

THEREFORE, Plaintiff-in-Limitation requests that the Court:

1. Enter judgment in favor of Plaintiff-in-Limitation Todd Montgomery and against Danny Perez and all other possible claimants, known and unknown, who did not file and serve their claims and answers in response to the Complaint in Admiralty for Exoneration from, or Limitation of, Liability (ECF No. 1) on or before September 10, 2021; and

2. Adjudge Plaintiff-in-Limitation Todd Montgomery to be completely exonerated from all liability for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with an explosion and fire that occurred onboard the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing hull identification number FGBJ0L59I102, on or about November 1, 2020 (the "Incident") that Danny Perez and any other possible claimants who did not file their claims and answers by the September 10, 2021, deadline may allege to have sustained or may have actually sustained.

Dated: October 21, 2022
COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

By: s/ Arthur A. Severance
Neil S. Lerner
Arthur A. Severance
Attorneys for Plaintiff-in-Limitation
TODD MONTGOMERY

---

[10] The Court's General Order 05-07, Nov. 3, 2005, prohibits the assigned U.S. Magistrate Judge from issuing the requested default judgment, and the Non-Appearing Claimants have not consented to the exercise of such jurisdiction.

Appl. for Default Judgment  10

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015