UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In the matter of the Complaint of<br><br>TODD MONTGOMERY, as an owner of the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing Hull Identification No. FGBJ0L59I102, and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No.: 8:21-cv-01270-JVS(JDEx) consol. with 8:21-cv-1276-JVS(JDEx)<br><br>**In Admiralty**<br><br>[Proposed] Order Granting Plaintiff-in-Limitation Todd Montgomery's Application for Default Judgment |

WHEREAS Plaintiff-in-Limitation Todd Montgomery has applied for the entry of default judgment in his favor against Danny Perez and all possible claimants, known and unknown, who did not file and serve their claims and answers on or before September 10, 2021 (collectively, the "Non-Appearing Claimants");

WHEREAS the application requests that the Court declare Plaintiff-in-Limitation to be completely exonerated from all liability for any injuries, deaths, losses, or damages that the Non-Appearing Claimants may allege to have sustained or may have actually sustained arising out of, resulting from, or in any manner

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

1 connected with an explosion and fire that occurred onboard the motor vessel
2 "Neptune," a 2002 35' 350 Signature Chaparral bearing hull identification number
3 FGBJ0L59I102, on or about November 1, 2020 (the "Incident");

4     WHEREAS the Court issued an Order Directing Execution of Monition
5 and Publication of Notice ("Monition," July 30, 2021, ECF No. 8), ordering
6 Plaintiff-in-Limitation
> to notify and admonish all individuals and entities asserting claims with respect to which [his] Complaint seeks exoneration from, or limitation of liability, to appear and answer the allegations of the Complaint . . . or be deemed in contumacy and default . . . .

10     WHEREAS the Court also issued a Notice of Complaint for Exoneration
11 from, or Limitation of, Liability ("Notice," Aug. 2, 2021, ECF No. 10) ordering
12 all such persons to file and serve their claims by September 10, 2021.

13     WHEREAS in the Motion the Court further ordered Plaintiff-in-Limitation
14 to provide notice of the deadline for all such persons to file and serve their claims
15 by publishing the Notice in *Orange County Register* once each week for four
16 successive weeks;

17     WHEREAS the required notice was published in that publication on
18 August 6, 13, 20, and 17, 2021;

19     WHEREAS in the Monition the Court further ordered Plaintiff-in-
20 Limitation to serve notice by mail on individuals and entities he knew to be
21 asserting claims with respect to which he is seeking exoneration from, or limitation
22 of, liability;

23     WHEREAS Plaintiff-in-Limitation served the required notice by mail on
24 known potential claimants Danny Perez, Jim Lile, Elyse Lile, IRL, and VLL as
25 required by Rule F(4) of the Supplemental Rules for Admiralty or Maritime
26 Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

27     WHEREAS Claimants Jim Lili, Elyse Lile, IRL, and VLL filed their Claim
28 for Damages and Answer (ECF Nos. 23-24) on September 10, 2021;

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD.
SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

WHEREAS Danny Perez failed to file or serve a claim or answer in response to the Complaint or otherwise appear by the September 10, 2021, deadline, and no other claimants have filed or served claims or answers in response to the Complaint;

WHEREAS on October 5, 2022, upon application of Plaintiff-in-Limitation, the Clerk of the Court entered the default of "Danny Perez and all possible claimants, known and unknown, who did not file and serve their claims and answers on or before September 10, 2021";

WHEREAS none of the Non-Appearing Claimants have sought relief from default or leave to file a late claim, or have otherwise appeared in this action;

WHEREAS there are no facts to indicate that any of the Non-Appearing claimants, including but not limited to Danny Perez, is a minor, incompetent, or in military service;

NOW, THEREFORE, the Court finds that Plaintiff-in-Limitation provided due notice of the pendency of this proceeding in compliance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and the Court's Monition and Notice.

FURTHERMORE, the Court finds that Claimants Jim Lile, Elyse Lile, IRL, and VLL timely filed their claims and answer. Consequently, the default judgment entered below does not apply to them.

FURTHERMORE, the Court finds that that factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of entering default judgment against the Non-Appearing Claimants. Those factors are:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

3

*Id.* The entry of default and default judgment is an integral part of this limitation proceeding. *See Dowdell v. U.S. Dist. Ct.*, 139 F. 444, 445 (9th Cir. 1905). It enforces the concursus of claims and preserves the funds that are available to apportion to the claimants who have appeared, Claimants Jim Lile, Elyse Lile, IRL, and VLL, if limitation is granted. It also enables the appearing claimants to seek to have the merits of their claims heard in the forum of their choice after submitting the proper stipulations preserving the Court's exclusive jurisdiction over limitation issues. *See Langes v. Green*, 282 U.S. 531, 540 (1931); *Ross Island Sand & Gravel v. Matson*, 226 F.3d 1015, 1017 (9th Cir. 2006); *In re Beiswenger Enters.*, 86 F.3d 1032, 1038-39 (11th Cir. 1996), *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983). There is no just reason to delay the entry of default judgment against the Non-Appearing Claimants or to cause Plaintiff-in-Limitation to expend further time, effort, or money regarding their possible claims.

Plaintiff-in-Limitation has stated a claim for relief under the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*; Fed. R. Civ. P. F(1)-(2), F(4). The relief that Plaintiff-in-Limitation seeks is not a substantive claim seeking monetary damages, but rather a declaration that he is not liable to possible claimants who have not appeared to file a claim against him or to challenge his right to seek exoneration from, or limitation of, liability under the Act.

The Non-Appearing Claimants are defaulted, there is no potential for any dispute between them and Plaintiff-in-Limitation regarding the material facts concerning liability Plaintiff-in-Limitation may have to them for the Incident and there is nothing to indicate that there is any excusable neglect that would weigh against entering default judgment. In cases such as this, where default judgment is sought against individuals and entities that have not appeared, a judgment on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

///

1     THEREFORE, IT IS ORDERED that Plaintiff-in-Limitation's Application for Default Judgment is granted;

    IT IS FURTHER ORDERED that judgment is entered in favor in favor of Plaintiff-in-Limitation Todd Montgomery and against Danny Perez and all other possible claimants, known and unknown, who did not file and serve their claims and answers in response to the Complaint in Admiralty for Exoneration from, or Limitation of, Liability (ECF No. 1) on or before September 10, 2021; and

    IT IS FURTHER ORDERED that Plaintiff-in-Limitation Todd Montgomery is completely exonerated from all liability for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the explosion and fire that occurred onboard the motor vessel "Neptune," a 2002 35' 350 Signature Chaparral bearing hull identification number FGBJ0L59I102, on or about November 1, 2020, that Danny Perez and any other possible claimants who did not file and serve their claims and answers by the September 10, 2021, deadline may allege to have sustained or may have actually sustained.

IT IS SO ORDERED.

_____      _____
           Date                          Judge of the United States District Court

COX, WOOTTON, LERNER, GRIFFIN, & HANSEN, LLP
12011 SAN VICENTE BLVD. SUITE 600
LOS ANGELES, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015